UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHARLES CLARK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIDEL GUTIERREZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01386-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT: 1) THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE; AND 2) ALL OUTSTANDING MOTION(S) BE DENIED AS MOOT<br><br>(ECF No. 33).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Christopher Charles Clark ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claims against Defendants Garza, Carolina, Espitia, Aguilar, Oehlert, Nitescu, Jane Doe (a TTA), and Rizk for deliberate indifference to his serious medical needs; Plaintiff's California Gov't Code Section 845.6 claims against Defendants Garza, Carolina, Espitia, Aguilar, Oehlert, and Nitescu; Plaintiff's negligence claims against Defendants Shirley, White, Cronjager, Thomas, Gutierrez, Doe 1 (a contractor supervisor), and Doe 2 (a contractor); and Plaintiff's medical negligence claims against Defendants Jane Doe (a TTA) and

Rizk. (ECF Nos. 13, 15, & 18). Plaintiff's complaint generally alleges that Plaintiff tripped and fell, and that he did not receive necessary medical car afterwards, and that grievance coordinators intentionally interfered with his right to file a grievance. (*See* ECF No. 13).

On April 10, 2023, Defendants Shirley, Espitia, Oehlert, Cronjager, Nitescu, Aguilar, Gutierrez, Thomas, Rizk, Carolina, Garza and White filed a motion for summary judgment. (ECF No. 33). Defendants filed an amended notice and motion on April 13, 2023. (ECF No. 39). Defendants argue they are entitled to summary adjudication because Plaintiff failed to exhaust available administrative remedies on his claims as required by the Prison Litigation Reform Act (PLRA) and applicable California state law. (ECF Nos. 33, 39).

Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, *see* Local Rule 230(l), but did not do so. On May 23, 2023, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days. (ECF No. 45). The Court warned Plaintiff that if he failed to respond to Defendants' motion, "the Court may treat the facts asserted by Defendant as 'undisputed for the purposes of the motion.'" (*Id.*, p. 2) (citing Fed. R. Civ. P. 56(e)(2)). Alternatively, "if Plaintiff fail[ed] to oppose the motion or file a statement of non-opposition, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order." (*Id.*) The Court also noted that, "the Court will not impose any sanctions or treat the facts asserted by Defendants as undisputed at this time. Instead, the Court will give Plaintiff one more opportunity to file a response." (*Id.*)

Plaintiff's thirty-day deadline has passed, and Plaintiff has once again failed to file an opposition or a statement of non-opposition.[1] Accordingly, the Court will recommend that this action be dismissed, without prejudice, for failure to comply with a court order and to prosecute this case. The Court will also recommend that all outstanding motion(s) be denied as moot.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

---

[1] Plaintiff has also failed to file a scheduling and discovery statement within the Court's deadline as ordered on May 25, 2023. (ECF No. 47, p. 2 ("It is not clear, but it appears Plaintiff is also requesting an extension of time. Plaintiff does not identify any deadline that he wants extended or the length of the extension he is seeking. Nevertheless, the Court will grant Plaintiff [a thirty day] extension of time to file his scheduling and discovery statement.")).

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id.* Here, Plaintiff's repeated failure to respond to Defendants' motion for summary judgment, despite being ordered to do so by the Court, is consuming the Court's limited time. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file to respond to Defendants' motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

//

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and prosecute this case; and
2. All outstanding motion(s) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 12, 2023**                                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

4